**Lionel J. HANNA, Petitioner-Appellant,**

v.

**Louis L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellee.**

**No. 78–1969**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1979.

Lionel J. Hanna, pro se.

Denis Dean, Miami, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Joy B. Shearer, Charles W. Musgrove, Asst. Attys. Gen., West Palm Beach, Fla., for respondent-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Following a jury trial in the Florida state courts, petitioner Lionel J. Hanna was convicted on two counts of possession of barbiturates, one count of possession of marijuana, and one count of possession of gambling paraphernalia. He was sentenced to three years imprisonment, to be served consecutive to a sentence of six years for a previous conviction of aggravated assault. In a prior habeas action the petitioner attacked his conviction on grounds of prejudicial publicity, prosecutorial misconduct in closing argument, and insufficient evidence. We affirmed the denial of habeas relief on February 4, 1977, *Hanna v. Wainwright,* 5 Cir., 1977, 547 F.2d 572. In the present petition, the petitioner alleges that the prosecution suppressed favorable evidence and that his retained counsel was ineffective. The District Court denied the petition without holding an evidentiary hearing. We affirm.

Before trial petitioner's counsel moved to sever his trial from that of his codefendant, Paula Jean Molitor, on the ground that he

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

might call her as a witness. Ms. Molitor was apparently a prostitute in the petitioner's employ. Counsel represented that Ms. Molitor might testify that she owned some of the drugs which the petitioner was charged with possessing. The severance motion was granted. The petitioner alleges that he has recently become aware that the prosecution talked with Ms. Molitor during a trial recess and obtained from her a statement that she owned the drugs. Ms. Molitor was not called to testify by either the defense or the prosecution. The gist of the petitioner's complaint is that (i) the prosecution failed to inform him of Ms. Molitor's statement and thus suppressed favorable evidence, and (ii) his retained counsel was ineffective because he failed to call Ms. Molitor as a witness. These claims have been presented to and rejected by the Florida state courts.

The District Court denied the petitioner's claims on the grounds that (i) the petitioner's attorney knew of the allegedly exculpatory statement, see *United States v. Cravero*, 5 Cir., 1976, 545 F.2d 406, 420, *cert. denied*, 430 U.S. 983, 97 S.Ct. 1679, 52 L.Ed.2d 377; and (ii) the decision not to call Ms. Molitor was a matter of trial tactics, see *Odom v. United States*, 5 Cir., 1967, 377 F.2d 853.

The record does not show that the District Court had before it a transcript of the original state court proceedings. After briefing a copy of that transcript was filed with this Court. Whatever doubt we might have otherwise had, a careful review of the transcript has convinced us of the correctness of the trial court's disposition. In addition to substantiating the grounds relied on by the District Court, the transcript shows that the issue in the petitioner's trial was possession, not ownership—the prosecutor virtually conceded that Hanna did not own the drugs in question—so that Ms. Molitor's statement was irrelevant. We see no reason to remand solely in order to allow the District Court a chance to review the transcript and to reach the same conclusions.

AFFIRMED.